FILED
2016 Sep-19 PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:15-cv-01806-JHE |
| ) | |
| GENERAL REINSURANCE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Drummond Company, Inc. ("Drummond") initiated this action in the Circuit Court of Walker County, Alabama against Defendant General Reinsurance Corporation ("GRC") and Patricia Pugh Banks ("Banks").[1] (Doc. 1-1). GRC subsequently removed the action to this Court based on alleged diversity jurisdiction. (Doc. 1). Drummond then moved to remand, contending the action "arises under" Alabama's workers' compensation laws and is therefore non-removable under 28 U.S.C. § 1445(c), and alternatively contending there is no diversity of citizenship. (Doc. 5). GRC opposes the motion to remand. (Doc. 9). The motion is fully briefed and ripe for review.[2] (Doc. 5, 5-1, 9). Because Drummond's claims do not "arise under" the workers' compensation laws of Alabama, and because there is diversity of citizenship, the motion to remand, (doc. 5), is **DENIED**.

---

[1] Any fictitious defendants named in the state court complaint are not recognized in federal court.

[2] Because the undersigned does not believe oral argument would aid in the resolution of this motion, GRC's request for oral argument, (*see* doc. 9 at 1), is **DENIED**.

## I. Standard of Review

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Accordingly, this Court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095. Construction of removal statutes are based on federal law. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972).

Additionally, Congress has limited removal of certain cases, including prohibiting the removal of any "[c]ivil action . . . arising under the workmen's compensation laws" of the State, creating a jurisdictional bar to removal. 28 U.S.C. § 1445(c); *Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir.2000); *Alansair v. Tropic Star Seafood, Inc.*, 388 Fed. Appx. 902, 905 (11th Cir.2010); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir.1997) (28 U.S.C. § 1445(c) is a "jurisdictional-based limitation on the district court's removal power").

## II. Background and Procedural History

On September 10, 2015, Drummond filed this action in the Circuit Court for Walker County, Alabama, against GRC and Banks. (Doc. 1-1). Drummond seeks a declaratory judgment as to the parties' rights, duties, obligations, and remedies as well as other legal

relations between the parties and further requests the court find GRC in breach of its excess workers' compensation insurance policy with Drummond.  (*See id.* at ¶¶18 & 23).

Drummond purchased excess workers' compensation insurance under the policy issued by GRC for a period of September 17, 1979 through December 31, 1989 (the "Policy").  (Doc. 1-1 at ¶9).  The Policy is for excess insurance on workers' compensation obligations after Drummond exhausts its $300,000 self-insured retention.  (*Id.* at ¶10, at 15) ("The Insurer will indemnify the Insured for loss as a qualified self-insurer under the Workers Compensation Law in excess of the Insured's retention stated . . . .").  During the coverage period, several employees filed workers' compensation claims against Drummond, which were either litigated or settled, many in the Circuit Court of Walker County, such as Banks' claim.  (*Id.*; *see Banks v. Drummond Co.*, CV-1989-556, doc. 1-1 at 38-44).  In these cases, the Walker County Circuit court entered a judgment after a trial on the merits or after the parties reached a settlement.  (*Id.*).  As part of the 1991 judgment in Banks' case, the Circuit Court of Walker County approved the parties' settlement and ordered Drummond to pay medical benefits to Banks for her lifetime pursuant to Alabama's Workers' Compensation Act.  (*See* doc. 1-1 at 43-44).

Drummond alleges that in December 2012, Banks needed a new, power wheelchair to avoid potential, additional injury from her current wheelchair, which could turn over.  (Doc. 1-1 at ¶11).  There were several communications between Drummond and GRC about which provider to use to purchase the wheelchair throughout 2013, even though there were only two providers in the area who provided the specific type of wheelchair Banks needed.  (*Id.*).  Also in late 2012, Drummond submitted losses or medical bills and expenses to GRC, which were reimbursed.  (*Id.*).  On November 25, 2013, Drummond received a reimbursement from GRC for $63,003.93.  (*Id.*).  Drummond alleges this was the last reimbursement it received from GRC.

(*Id.*).  Between that time and the time Drummond filed its complaint, Drummond alleges it has communicated with GRC on many occasions requesting reimbursement for losses pursuant to the Policy in 2014 and 2015.  (*Id.*).  Effective August 4, 2015, GRC was advised it owed Drummond $197,583.58 in losses or reasonable and necessary medical expenses and costs for Banks.  (*Id.*).  Drummond continued to pay, presumably through Banks' death in 2016.  (*See* doc. 15).

Drummond further alleges the Policy specifically requires it to pay all benefits required under the Alabama's Worker's Compensation law and that it has done so.  (Doc. 1-1 at ¶12).  Therefore, Drummond alleges, GRC is in breach of contract because the Policy requires GRC indemnify Drummond (at monthly intervals) for all benefits compensable under Alabama Workers' Compensation Act.  (*Id.*).

### III. Analysis

**A. 28 U.S.C. § 1445(c) Does Not Prohibit Removal Because This Action Does Not "Arise Under" Alabama's Workers' Compensation Law**

In enacting 28 U.S.C. § 1445(c), Congress restricted the ability of defendants to remove cases arising under workers' compensation laws from state court to federal court.  This statute "reflects a strong congressional policy that where the state court has been utilized by one or the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."  *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991) (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)[3]).  Thus, removal is proper only if the court concludes the plaintiff's claims do not "arise under" Alabama's workers' compensation laws.

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Drummond's complaint requests the court determine the parties' rights pursuant to the excess insurance policy between Drummond and GRC and the Walker County Circuit Court's judgment in Banks' workers' compensation case against Drummond.  (*See* doc. 1-1).  In its motion to remand, Drummond argues this action "arises under" Alabama's workers' compensation statute because, "[w]hile the insurance policy between Drummond and [GRC] is pertinent, the payment of the medical bills and expenses at issue will depend upon the interpretation of Alabama's Worker's Compensation Act and the Circuit Court's Judgment." (Doc. 5-1 at 10).  GRC disagrees. (*See* docs. 1 & 9).

The anti-removal statute, 28 U.S.C. § 1445(c), provides:

A civil action in any state court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The words "arising under" in the anti-removal statute have the same meaning as they do in the federal question jurisdiction statute, 28 U.S.C. § 1331.  *See Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000).  A case "arises under" federal law if the claim either (1) is created by federal law ("creation test") or (2) necessarily raises an exceptionally substantial federal issue ("substantial issue test").  *Gunn v. Minton*, - U.S. -, 133 S. Ct. 1059, 1064 (2013).  The substantial issue test covers a "special and small category" of cases? in which "the federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Engr'g & Mfg.*, 545 U.S. 308, 314 (2005)). Applying these tests to §1445(c), Drummond must either prove its claim is created by Alabama's workers' compensation law or the claim involves a workers' compensation issue that is "1) necessarily raised, 2) actually disputed, 3) substantial, and 4) incapable of resolution in federal court without

disrupting the federal-state balance approved by Congress.  *See e.g., San Francisco BART Dist.,* 3:14-cv-01866-JSC, Doc. 16 at *4-5 (N.D. Cal. June 30, 2014).

Drummond's declaratory judgment and breach of contract claims do not pass the creation test because neither is created by Alabama's workers' compensation law.  The fact that some of the parties' rights and obligations are likely defined by the workers' compensation law is insufficient.  *See Gilmer v. Crestview Memorial Funeral Home, Inc.*, 35 So. 3d 585 (Ala. 2009). For example, the Eleventh Circuit has explained that when a retaliatory discharge claim is *created by* statutory workers' compensation law, as it is in Alabama, the case is not removable. *Reed*, 206 F.3d at 1049.  But if the same kind of claim is "a court-created tort remedy for employees discharged in retaliation for filing workers' compensation claims," the claim may be removed.  *Id.* at 1060 (citing *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994)); *see also Raye v. Employer's Insur.*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) (concluding that "state causes of action that are creatures of common law do not 'arise under' the workers' compensation law" and being "related to" the workers' compensation law is not enough to prevent removal).

Drummond's claims also fail the substantial issue test.[4]  While the first two prongs may be met, i.e., that workers' compensation law is necessarily raised and actually disputed, Drummond cannot establish the third and fourth prong.  As to the third prong, GRC has shown that any disputed issue of workers' compensation law is not "substantial." In deciding whether the disputed issue is "substantial" in the relevant sense, *Gunn* instructs the court to look beyond the significance of the issue to the plaintiff's case and the parties before it, and look instead to

---

[4] Although Drummond does not reference the "substantial issue test" by name, it addresses it by arguing its action arises under the workers' compensation law because "the payment of the medical bills and expenses at issue will depend on the interpretation of Alabama's Worker's Compensation Act and the Circuit Court judgment."  (Doc. 5-1 at 10).

"the importance of the issue to the [workers' compensation] system as a whole." 133 S. Ct. at 1066.  As GRC points out, the workers' compensation law issues are not "substantial" in this case because the workers' compensation law issues do not have relevant significance because they only involve possible reimbursement of losses to Drummond, the employer.  (Doc. 9 at 10-11).  There is no dispute that Drummond has already paid benefits to Banks and owes no additional benefits to Banks, who is now deceased.  (*See* doc. 15).  Additionally, this case may raise independent issues that do not depend on workers' compensation law, for example whether Banks suffered more than one accident or whether Drummond provided adequate medical management.  (Doc. 9 at 9-10).

The fourth factor asks the court to consider whether the claims are capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  This court has recognized three policy justifications underlying 28 U.S.C. § 1445(c): "relieving federal court dockets of the overburdening removal of workers' compensation cases; retaining cases in state court, where the state compensation machinery is utilized; and, restricting to state courts those cases involving purely local disputes, implicating no federal concerns."  *Farrior v. Sodexho, USA*, 953 F. Supp. 1301 (N.D. Ala. (1997) (attaching *Burton v. Heilig-Meyers Furniture Co., Inc.*, CV-96-S-1219-NE (June 25, 1996) (Smith, J. order)).  This case does not concern an employee's right to payment under state workers' compensation law.  Instead, this case is about an employer seeking contractual reimbursement.  At its core, this case is an insurance coverage dispute, not a case about whether an employee is entitled to workers' compensation benefits, and federal courts routinely handle such insurance coverage cases when there is diversity of citizenship jurisdiction.  As such, § 1445(c) does not prevent its removal.

B.  **Diversity of Citizenship Exists**[5]

An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.

When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co*., 308 F.2d 474, 478 (5th Cir.1962).  In the context of a declaratory judgment action, this means that a defendant is fraudulently joined where she has no interest in

---

[5] On January 15, 2016, Drummond filed a Suggestion of Death, notifying the court that Patricia Pugh Banks died on January 11, 2016. (Doc. 15).  Because there has been no motion for substitution and more than ninety days has passed, the action is due to be dismissed as against Banks.  FED. R. CIV. P. 25(a)(1).  However, "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleading at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

the action and she will not be prejudiced if the action proceeds without her. *Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2007). In every case, the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

The parties do not dispute the basic jurisdictional facts, which establish that both Drummond and Banks are citizens of Alabama. (*See* docs. 1, 1-1, 5, & 9). However, GRC argues Banks is a nominal or sham defendant that Drummond has fraudulently joined as a party. (Doc. 1 at ¶7). GRC argues Drummond makes no claim against Bank and does not allege any dispute between itself and Banks, but merely states she is joined as "a real party in interest." (*Id.*).

### 1. Banks is Fraudulently Joined Because She Has No Interest in the Action and Will Not Be Prejudiced if the Action Proceeds Without Her

Drummond includes Banks as a party to its declaratory judgment claim, (*see* doc. 1-1), and argues Banks has an interest and that she will be prejudiced if the action proceeds without her. (Doc. 5-1 at 12). Specifically, Drummond contends it may seek reimbursement from Banks if the court determines Drummond paid for medical care to which Banks was not entitled. (*Id.*). Drummond provides no support for its assertion it may seek reimbursement from Banks if the court decides she was not entitled to certain payments from Drummond, and offers no citation to any legal authority in support of this hypothetical reimbursement claim against Banks. Assuming Banks received payment from Drummond for medical services not covered under applicable workers' compensation laws, to assert an unjust enrichment claim against Banks, Alabama law would require Drummond to show Banks holds its money "unjustly," which means

there was mistake or fraud or some wrongful conduct by Banks. *Maniply v. Mantiply*, 951 So. 2d 638, 355 (Ala. 2006). There are no such allegations in the complaint or in Drummond's motion or brief. Drummond does not allege (or even suggest) Banks was at fault for any payment Drummond made to Banks, but instead contends Banks was entitled to the medical benefits she received. (Doc. 1-1 at ¶11 n.1 (stating that Banks' medical expenses and nursing home costs "are reasonable and necessary and owed pursuant to Alabama's Worker's Compensation Act."). Because, even at the time of removal, Banks had no interest in this action and she will not be prejudiced if the action proceeds without her, she was fraudulently joined. *See Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2007).

### IV. Conclusion

Because this action does not "arise under" Alabama's Workers' Compensation Law, 28 U.S.C. § 1445(c) does not prohibit removal. Furthermore, Banks' presence in the lawsuit can be disregarded for purposes of assessing diversity of citizenship because she had/has no interest and will not be prejudiced if the action proceeds without her. Accordingly, Drummond's motion to remand, (doc. 5), is **DENIED**, and all claims against Banks are **DISMISSED**.[6]

DONE this 19th day of September, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[6] In addition to being fraudulently joined, all claims against Banks are due to be dismissed because a suggestion of death was filed and more than ninety days has passed with no motion for substitution being filed. *See* FED. R. CIV. P. 25(a)(1).